# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHASE, INC., d/b/a SLATER SHELL and DOES 1-100,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-01178---SKO<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE AMENDED ANSWER**<br><br>(Doc. 17) |

## I. INTRODUCTION

Defendant Chase, Inc., d/b/a Slater Shell ("Defendant"), has filed a Motion to File a First Amended Answer to the Complaint, requesting leave to amend its answer to include a demand for jury trial and assert an additional affirmative defense. (Doc. 17; *see* Doc. 17-1.) Plaintiff Ronald Moore ("Plaintiff") opposed the motion (Doc. 20), and Defendant filed a written reply to Plaintiff's opposition (Doc. 23.)

Because oral argument would not materially aid the resolution of the pending motions, these matters are submitted on the briefs and record without a hearing. *See* E.D. Local Rule 230(g). Accordingly, the Court vacated the hearing scheduled for March 18, 2015. For the reasons set forth below, Defendants' motion to file a first amended answer to the Complaint is DENIED.

## II. BACKGROUND

Plaintiff filed this action on July 29, 2014, alleging that Defendant discriminated against him based upon his disability as prohibited by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and by state law. (*See generally* Doc. 1.) Specifically, Plaintiff alleges he visited the Slater Shell gas station on Bullard Avenue in Fresno, California owned and operated by Chase, Inc., and encountered barriers to his full and equal access. (Doc. 1, 2-3.) Plaintiff seeks an injunction requiring Defendant to remove all barriers to his full and equal access, as well as minimum statutory damages available under the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (Doc. 1, 8.)

Defendant filed an "Answer with Jury Demand" on September 8, 2014. (Doc. 8.) In that answer, Defendant asserted several defenses, including a reservation of rights to seek leave to amend to assert and interpose additional affirmative defenses. (Doc. 8, 6.) Though labeled as an "Answer with Jury Demand"[1] when filed, Defendant's Answer does not actually contain a jury demand. (*See* Doc. 8.)

## III. DISCUSSION

Defendant seeks leave to amend the answer pursuant to Rule 15 to "explicitly ask for a jury trial" and "add a new affirmative defense stemming from [Plaintiff]'s serial and repetitive ADA filings throughout the state." (Doc. 17, 3; *see* Doc. 17-1, 7.) As support for the request, Defendant explains the failure to include a demand for jury trial was an "oversight" and the fraud claim that Plaintiff "is treating ADA as a means of making financial gains [and not] to redress a wrong" is "an issue for the jury[.]" (Doc. 17, 3.)

Plaintiff argues that Defendant's demand for jury trial is untimely under Federal Rule of Civil Procedure Rule 38, and Defendant waived its right to a jury trial by failing to request it in the initially filed Answer and by failing to demand a jury trial within 14 days thereafter. (Doc. 20, 2, 4.) Plaintiff also argues that even if all Defendant's averments were taken as true, amendment to include an affirmative defense of fraud is futile "because fraud is not a proper affirmative defense

---

[1] The docket entry "Answer with Jury Demand" was selected when Defendant e-filed its answer on CM/ECF; however, the actual document contains no jury demand.

to an ADA action" and, further, Defendant did not and cannot allege "circumstances constituting [ ] fraud . . . with particularity." (Doc. 20, 2-3.)

Defendant responds that because no Rule 26 deadline has expired and no discovery has been exchanged, "there is no prejudice to Plaintiff by the way of these proposed amendments." (Doc. 17, 2.) Plaintiff contends "the amendment is sought in bad faith simply to impugn [Plaintiff's] character and motives[.]" (Doc. 20, 3.)

**A.     Legal Standard**

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (the policy favoring amendment is to be applied with "extreme liberality"); *Union Pac. RR. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("[a]mendments seeking to add claims are to be granted more freely than amendments adding parties"). The United States Supreme Court has stated:

> . . . [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; (4) futility of amendment; and (5) whether the party has previously amended his pleading. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Loehr v. Ventura Cty Cmty Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

Granting or denial of leave to amend rests in the sound discretion of the trial court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996); *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "The party opposing amendment bears the burden of showing why amendment should not be granted." *Lanier v. Fresno Unified Sch. Dist.*, No. 1:09-CV-01779-AWI, 2013 WL 1896183 at *2 (E.D. Cal. May 6,

2013) (citing *Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158-MHP, 2008 WL 624771, at *6 (N.D. Cal. Mar. 4, 2008).

**B.     Amendment is Futile Because "Fraud" is Not an Affirmative Defense to an ADA Claim**

Defendant seeks to amend its answer to raise an additional affirmative defense entitled "Fraud by Plaintiff." (*See* Doc. 17-1, 7.)  However, Defendant cites no authority, and the Court is unable to find any authority after its independent research, recognizing "fraud" as an affirmative defense against an ADA claim.

An affirmative defense is one which absolves a defendant of liability even where the plaintiff states a *prima facie* case for recovery.  *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013).  An affirmative defense is distinguishable from an attack on a plaintiff's case-in-chief: "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002).

Defendant's proposed amendment purports to raise a new affirmative defense based upon the allegation that Plaintiff deliberately sought out Defendant's place of business – not to redress an actual injury, but to earn money via ADA lawsuits.[2]  (Doc. 17, 2.)  However, Defendant cites no legal authority which recognizes a legal defense which arises from these facts.

The ADA prohibits discrimination on the basis of disability in places of public accommodation:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

---

[2]    The Court notes that Defendant already pleaded a sixth affirmative defense of "Unclean Hands" in its Answer to the Complaint, which has been generally treated as an appropriate affirmative defense to an ADA claim. *See, e.g., Figueroa v. Baja Fresh Westlake Village, Inc.*, 2012 WL 2373254 (C.D. Cal. May 24, 2012) (citing *Doe v. Deer Mountain Day Camp, Inc.*, 682 F. Supp. 2d 324, 338-39 n.31 (S.D.N.Y. 2010); *Figueroa v. Marshalls of CA, LLC*, No. CV-11-06813-RGK(SPx), 2012 WL 1424400 at *2 (C.D. Cal. Apr. 23, 2012); and *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 572 (S.D. Cal. 2012) ("Without more explicit guidance from the Ninth Circuit or Supreme Court, this Court will not conclude that unclean hands is inapplicable to all ADA claims.  Furthermore, even if this Court did come to that conclusion, it would not bar the defense to [Plaintiff]'s California claims.")).  Though an affirmative defense of "fraud" is not appropriate in an ADA case, Defendant is not prohibited from expanding or elaborating on its "unclean hands" affirmative defense in any responsive pleading to Plaintiff's potential amended complaint.

4

42 U.S.C. § 12182(a).  The ADA specifically prohibits the "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12812(b)(2)(A)(iv).  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).

Nothing in the statutory language of the ADA suggests that a plaintiff's serial ADA litigation history gives rise to a defense against ADA claims.  Notably, the Ninth Circuit has rejected the arguments that ADA claims can only be brought by *bona fide* "clients or customers" or that a serial ADA litigant could be classified as a "business" that somehow falls outside the protection of the ADA.  *Molski*, 481 F.3d at 732-734.  Defendant's reply fails to cite a single case that recognizes an affirmative defense based upon fraud or based upon a Plaintiff's intent to find businesses which violate the ADA for Plaintiff's own profit.  (*See* Doc. 23.)

Defendant also fails to allege facts meeting the elements of a fraud claim, *see Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004) (requiring a misrepresentation, scienter, intent to defraud or induce reliance, justifiable reliance, and resulting damage), and alleges no facts to establish any misrepresentation by Plaintiff.  A plain reading of the Complaint reveals that Plaintiff nowhere claims that he is not a serial ADA litigator or that he is not motivated by pecuniary gain in seeking out ADA violators.

Although fraud is not available to Defendant as an affirmative defense, Defendant may attack Plaintiff's case-in-chief by arguing that Plaintiff cannot meet his burden-of-proof on his claims and that Plaintiff made false factual allegations in his complaint.  *See Zivkovic*, 302 F.3d at 1088.  Accordingly, it is unnecessary to amend the answer to raise an "affirmative defense" based upon such a theory.

Based upon the foregoing, the Court finds that Defendant's proposed amendment to its answer to state an additional affirmative defense would be futile.  The futility of Defendant's proposed amendment to state a "fraud" affirmative defense overcomes any presumption under

Rule 15 in favor of granting leave to amend.

**C.  Defendant Waived Its Right to Jury Trial, and Amendment to Include a Jury Demand Will Not Be Permitted**

While undue delay "by itself is insufficient to justify denying a motion to amend[,]" *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999); *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973), it remains relevant.  *Loehr*, 743 F.2d at 1319.  A moving party may be precluded from asserting an amendment based on undue delay where the matters asserted in the amendment were known to the moving party from the beginning of the suit.  *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (finding that where the moving party filed a motion to amend the pleadings 31 months after the answer was filed, the trial court did not abuse its discretion in denying leave to amend).

Defendant unduly delayed its pursuit of this amendment.  Defendant did not demand a jury trial within the time specified in Rule 38(b)(1), fourteen days from the filing of the last pleading concerned with the issues for which trial by jury is sought.  The last pleading was Defendant's answer, filed September 8, 2014.  (Doc. 8.)  Defendant filed the instant motion on January 22, 2015, some four months later.  (Doc. 17.)  Defendant bases its motion on defense counsel's Declaration, stating that "[t]he failure to ask for a jury trial was simply an oversight." (Doc. 17, 3.)

An "oversight" is insufficient grounds to require this Court to permit an untimely demand.  "Although the right to a jury trial is a constitutional one, the Federal Rules of Civil Procedure, which set out time limits for invoking this right, are authoritative.  A court's exercise of discretion in denying a motion for a jury trial, based on these rules, does not impinge upon a party's constitutional rights."  *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987 (9th Cir. 1980) (citing *Pacific Queen Fisheries v. Symes*, 207 F.2d 700, 718-19 (9th Cir. 1962), cert. denied, 372 U.S. 907 (1963)).

It is well-settled that an "untimely requests for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  *Chandler Supply*, 650 F.2d at 987 (citing *Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir. 1976) (per curiam)); *see also Lewis v. Time, Inc.*, 710 F.2d

549, 556-57 (9th Cir. 1983) (a district court's discretion to order a jury trial on a motion by a party who has not filed a timely demand is narrow, and a court is not permitted to grant relief when the failure to make a timely demand results from an oversight or inadvertence); *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975) (the district court's discretion "should rarely be exercised to grant a trial by jury in default of a proper request for it").

The Court finds Defendant unduly delayed in seeking this amendment.

### IV.   CONCLUSION

For the reasons set forth above, the Court finds that Defendant should not be granted leave to amend its answer because its proposed amendment to include an additional affirmative defense would be futile and because Defendant has waived its right to a jury trial.

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing on Defendant's motion set for March 17, 2015 is VACATED; and

2. Defendant's motion for leave to amend its answer to the complaint is DENIED.

IT IS SO ORDERED.

Dated:   **March 23, 2015**                    **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE