**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | Case No. 1:14-cv-01178-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY JURY DEMAND** |
| v. | |
| | (Doc. 33) |
| CHASE, INC., d/b/a SLATER SHELL and DOES 1-100, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Ronald Moore ("Plaintiff") has filed a Motion to Strike the jury demand included in Defendant Chase, Inc., d/b/a Slater Shell's ("Defendant") Answer to Plaintiff's First Amended Complaint. (Doc. 33; *see* Doc. 31.) Defendant opposed the motion (Doc. 34), and in lieu of filing a reply, Plaintiff submitted the matter based on his moving papers (Doc. 35).

Because oral argument would not materially aid the resolution of the pending motions, these matters are submitted on the briefs and record without a hearing. *See* E.D. Local Rule 230(g). Accordingly, the Court vacated the hearing scheduled for May 13, 2015. For the reasons set forth below, Plaintiff's motion to strike Defendant's untimely jury demand is GRANTED.

## II. BACKGROUND

Plaintiff filed this action on July 29, 2014, alleging that Defendant discriminated against him based upon his disability as prohibited by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and by state law. (*See generally* Doc. 1 ("Compl.").) Specifically, Plaintiff alleges he visited the Slater Shell gas station on Bullard Avenue in Fresno, California, owned and operated by Chase, Inc., and encountered barriers to his full and equal access. (Compl., 2-3.) Plaintiff seeks an injunction requiring Defendant to remove all barriers to his full and equal access, as well as minimum statutory damages available under the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (Compl., 8.)

Defendant filed an "Answer with Jury Demand" on September 8, 2014. (Doc. 8.) In the answer, Defendant asserted several defenses, including a reservation of rights to seek leave to amend to assert and interpose additional affirmative defenses. (Doc. 8, 6.) Though labeled as an "Answer with Jury Demand"[1] when filed, Defendant's Answer did not actually contain a jury demand. (*See* Doc. 8.) Defendant filed a Motion to Amend its Answer to add a jury demand and a new affirmative defense (Doc. 17), which was denied on March 23, 2015, because Defendant's proposed amendment to include an additional affirmative defense would be futile and Defendant had waived its right to a jury trial (Doc. 26).

Thereafter, Plaintiff filed a Motion to File a First Amended Complaint ("FAC"), amending the complaint to list additional "barriers" to Plaintiff's full and equal access of the property at Paragraph 11 and substitute text into Paragraph 14 to reflect different applicable guidelines for modification of the property to bring it into compliance with the ADA. (*Compare* Compl.; *with* Doc. 24-4 ("Proposed FAC"); *and* 30 ("FAC").) Defendant filed an "Answer with Jury Demand" to the FAC containing a request for jury trial. (*See* Doc. 31.) Plaintiff has moved to strike the jury demand from Defendant's Answer to the FAC as untimely, arguing that no new issue has been added to the amended complaint that would revive Defendant's right to a jury demand. (Doc. 33.)

//

---

[1] The docket entry "Answer with Jury Demand" was selected when Defendant e-filed its answer on CM/ECF; however, the actual document contains no jury demand.

### III.  DISCUSSION

Plaintiff seeks leave to strike Defendant's jury demand as untimely made pursuant to Fed. R. Civ. P. Rule 38(b)[2], which permits a party to demand a jury trial on "any issue triable of right to a jury" within fourteen (14) days after the last pleading is filed. (Doc. 33-1, p. 2.) Plaintiff argues that the FAC does not raise any "new issue" that would revive Defendant's "right, previously waived, to demand jury trial on the issues already framed by the original pleadings." (Doc. 33-1, p. 3.) Defendant argues that Plaintiff's FAC contains "new allegations and raised issues about the suitability of Defendant's [property]" and that "[b]y doing so, he opened the door and Defendant has the right to ask for a jury trial on the entire case." (Doc. 34, p.2 (emphasis in original) (citing "Rule 38(c)").)

Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. *See* Fed. R. Civ. P. Rule 38(b); *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005). Where an amended complaint raised *new* issues, however, the prior waiver does not apply to the newly raised issues. *Id.*; *see also Williams v. Farmers & Merchants Ins. Co.*, 457 F.2d 37, 38 (8th Cir. 1972) ("Once waived, the [jury trial] right is revived by amendments to the pleadings only if new issues are raised in such amendments"); *Western Geophysical Co. of America v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir. 1971) (if the original complaint is subsequently amended, the right to demand a jury trial is revived only if the amendment changes the issues).

"[T]he presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted [as of right] under . . . Rule 38(b)." *Lutz*, 403 F.3d at 1066 (quoting *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974) (alterations in original)). "Rather, Rule 38(b) is concerned with issues of fact." *Lutz*, 403 F.3d at 1066 (citing *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979)).

//

---

[2]  The Court notes, as a prefatory matter, that a motion to strike a demand for jury trial is properly brought under Rule 39(a)(2), *Gonzalez v. Target Corp.*, No. 2:13-CV-01615-KJM-AC, 2014 WL 2548726 at *2 (E.D. Cal. June 5, 2014), and the Court construes Plaintiff's motion as such. *Cf.* Fed. R. Civ. P. Rule 8(e) ("Pleadings must be construed so as to do justice").

Where "there is no significant difference in the facts necessary to support [a plaintiff]'s original ADA claim and those supporting her new claim[,]" there is no new issue on which a jury trial should be granted under Rule 38(b) because "it is clear that 'the issues in the original complaint and the amended complaint turn on the same matrix of facts[.]'" *Lutz*, 403 F.3d at 1066 (internal quotation omitted); *see also Guajardo v. Estelle*, 580 F.2d 748, 752-753 (5th Cir. 1978) (the term "new issues" has been interpreted to mean new issues of fact and not new theories of recovery, and "new issues" are not raised unless they are "in any material way different from those presented by the original complaint"); *Trixler Brokerage Co. v. Ralston Purina co.*, 505 F.2d 1045, 1050 (9th Cir. 1974) (the word "issue" refers to issues of "fact, not "questions of law").

Accordingly, this Court must decide whether the FAC raises "new issues" or simply restates issues raised in the original complaint. *Lutz*, 403 F.3d at 1066-67.  One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute.  *Id.*  If the factual allegations underlying two claims are the same or if the issues turn on the same matrix of facts, the issues are the same.  *Id.*  "It is both the similarity of facts and the similarity of the matrix – the legal framework in which the facts are analyzed – that makes issues the same.  [S]light modifications in facts or in legal theories presented will not usually render issues different." *Unidev, L.L.C. v. Hous. Auth. of New Orleans*, 250 F.R.D. 268, 271 (E.D. La. 2008).

Plaintiff's FAC does not allege new facts and/or new issues.  The property at issue in both the original complaint and the FAC continues to be Defendant's same property, and both the complaint and the FAC enumerate alleged characteristics of that property which are not in compliance with the ADA.  (*Compare* Comp.; *with* Proposed FAC; *and* FAC.)  In identical language, both the original complaint and the FAC allege that Plaintiff came to the property and encountered barriers to his full and equal access of the property, in violation of the ADA, the California Unruh Act, and the California Health & Safety Code.  (*Compare* Comp., at ¶ 10; *with* Proposed FAC at ¶ 10; *and* FAC at ¶ 10.)  In his FAC, Plaintiff alleges additional barriers to his full and equal access subsequently discovered at the property which also violate the ADA, the California Unruh Act, and the California Health & Safety Code.  (Doc. 33-1, p. 3; *compare* Comp.; *with* Proposed FAC; *and* FAC.)  These are not "new issues" contemplated by Rule 38(b).

The factual allegations underlying the causes of action raised in the original complaint are the same as those alleged and expounded upon in the FAC. The causes of action in the original complaint turn on the same "matrix of facts" as the causes of action alleged in the FAC.

Defendant relies on *Lutz* for the position that by amending his complaint, Plaintiff "opened the door" for Defendant to reassert "the right to ask for a jury trial on the entire case." (Doc. 34, p. 2.) Defendant appears to contend that Plaintiff's amended complaint "give[s] rise to new allegations which gives Defendant the right to try them before a jury." (Doc. 34.)

In *Lutz*, the plaintiff filed an amended complaint, raising new claims under section 504 of the Rehabilitation Act and under her state's Civil Rights Act and dividing the original ADA claim into two distinct claims. *See Lutz*, 403 F.3d at 1061-66. The Ninth Circuit evaluated whether this triggered a right to demand a trial by jury on the new causes of action, focusing its inquiry on whether there was any "significant difference in the facts necessary to support [the plaintiff]s original ADA claim and those supporting her new claims." *Id.* at 1066. Noting that the factual allegations in the plaintiff's original complaint and her amended complaint were "virtually identical," the Court pointed out that the only substantial difference between the original and amended pleading was that the amended complaint set out "in greater detail" the plaintiff's factual allegations of severe limitations caused by her disability. *Id.* The Court held that "the issues in the original complaint and the amended complaint turn on the same matrix of facts" and no new issue on which a jury trial should be granted under Rule 38(b) existed. *Id.*

Where "there is no significant difference in the facts necessary to support [a plaintiff]'s original ADA claim and those supporting her new claim[,]" there is no new issue on which a jury trial should be granted under Rule 38(b). *Id.*; *see Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974) (a party is not entitled to a jury trial based only on a more detailed statement of allegations underlying a claim). Accordingly, Defendant's request for trial by jury "on the entire case" must be stricken from the answer to the FAC[3] – Plaintiff's FAC has

---

[3] Defendant's argument that the right to a jury trial in this matter is "guaranteed . . . by the Constitution" is unconvincing. "Although the right to a jury trial is a constitutional one, the Federal Rules of Civil Procedure, which set out time limits for invoking this right, are authoritative. A court's exercise of discretion in denying a motion for a jury trial, based on these rules, does not impinge upon a party's constitutional rights." *See Chandler Supply CO. v.*

5

not alleged any new cause of action or claim reviving Defendant's right to demand a jury trial. The FAC expands upon Plaintiff's factual allegations supporting his claim of encountering barriers to his full and equal access to the property; it does *not* allege new issues on which a jury trial should be granted under Fed. R. Civ. P. Rule 38(b).

### IV.   CONCLUSION

For the reasons set forth above, the Court finds that Defendant's renewed jury demand is not permissible, and the jury demand must therefore be stricken from Defendant's Answer to the FAC.

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing on Plaintiff's motion set for May 13, 2015 is VACATED; and

2. Plaintiff's motion to strike Defendant's untimely jury demand is GRANTED.

IT IS SO ORDERED.

Dated:   **May 11, 2015**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

---

*GAF Corp.*, 650 F.2d 983, 987 (9th Cir. 1980) (an "oversight" is insufficient grounds to require this Court to permit an untimely demand).

As the Court stated in its Order denying Defendant's request to amend its answer to the original complaint to include an untimely jury demand, "untimely requests for a jury trial must be denied unless some cause beyond mere inadvertence is shown." (Doc. 26, p. 6 (quoting *Chandler Supply*, 650 F.2d at 987).) A district court's discretion to order a jury trial after the demand has been waived by a party is narrow, and a court is not permitted to grant relief when the failure to make a timely demand resulted from an oversight or inadvertence. (Doc. 26, p. 6 (citing *Lewis v. Time, Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983).)