# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHASE, INC., d/b/a SLATER SHELL,<br><br>　　　　Defendant.<br>_____ / | Case No. 1:14-cv-01178-SKO<br><br>**ORDER THAT FERNANDO FERNANDEZ APPEAR ON OCTOBER 28, 2015, TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA TO APPEAR FOR A DEPOSITION**<br><br>(Doc. 63) |

## I.   INTRODUCTION

On August 28, 2015, Plaintiff filed a motion for an order to "show cause re civil contempt against Defendant's third party witness Fernando Fernandez for failing to appear at a deposition (L.R. 251(e))" and to extend the fact discovery deadline to permit the taking of Mr. Fernandez's deposition in the event he is held in contempt. (Doc. 63.) On September 11, 2015, defense counsel filed a declaration of non-opposition to Plaintiff's motion. (Doc. 64.)

Because oral argument would not materially aid the resolution of the pending application, this matter is submitted on the brief and record without a hearing. *See* E.D. Local Rule 230(g). Accordingly, the Court vacated the hearing scheduled for September 30, 2015. For the reasons set forth below, Plaintiff's application for an order to show cause re civil contempt against Fernando Fernandez is GRANTED.

## II. BACKGROUND

Plaintiff filed this action on July 29, 2014, alleging that Defendant discriminated against him based upon his disability as prohibited by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and by state law. (*See generally* Docs. 1 ("Compl.").) On March 31, 2015, Plaintiff filed a first amended complaint, enumerating additional identified barriers to his full and equal access. (*See* Doc. 30 ("FAC").) Specifically, Plaintiff alleges he visited the Slater Shell gas station on Bullard Avenue in Fresno, California, owned and operated by Chase, Inc., and encountered barriers to his full and equal access. (Compl., 2-3; FAC, 2-3.)

On June 15, 2015, Defendant served its "Third Supplemental Initial Disclosures" on Plaintiff, identifying a previously undisclosed witness to Plaintiff's visit to the Slater Shell station, "Fernando." (Doc. 63-3, Exh. A ("Fernando (last name unknown at this time). He was the cashier who was on duty at the time of Mr. Moore's alleged visit. Once his address is located, it will be provided.").) On June 17 and 29, 2015, Plaintiff's counsel contacted defense counsel and requested identifying and contact information for "Fernando." (Doc. 63-3, Exhs. B and C.) Defense counsel responded on June 29, 2015, that further supplemental responses would be provided. (Doc. 63-3, Exh. D.)

On July 7, 2015, Plaintiff's counsel again requested identifying and contact information for "Fernando." (Doc. 63-3, Exh. E.) Defense counsel responded that

> As to "Fernando", he is employed by the tenant. His name was obtained from the receipt which you produced in responses to the discovery. He is not employed by our client. We told you in advance that our client does not operate the business and that "Fernando" was the cashier.

(Doc. 63-3, Exh. F.) Based on that information, Plaintiff "undertook efforts to locate the witness himself," including by calling the Slater Shell store directly and asking to speak to "Fernando." (Doc. 63-1, pp. 3-4.) On July 25, 2015, Fernando Fernandez was personally served with a subpoena issued by the Eastern District of California commanding his attendance at a deposition on August 10, 2015, at 4:00 p.m. (Doc. 63-3, Exh. G.) Witness fees in the amount of $43.49 were tendered to Mr. Fernandez at the time of service. (Doc. 63-3, Exh. G.)

//

On July 27, 2015, Fernando Fernandez called Plaintiff's counsel and confirmed his deposition on August 10, 2015. (Doc. 63-4, ¶5.) Despite this representation, Mr. Fernandez did not appear at his deposition on August 10, 2015, and when Plaintiff's counsel called Mr. Fernandez she was unable to reach him. (Doc. 63-2, ¶¶9-10.) Instead, Plaintiff's counsel spoke with a female who had previously identified herself as Mr. Fernandez's girlfriend. (Doc. 63-2, ¶10.) This woman informed Plaintiff's counsel that it was "her understanding that Mr. Fernandez was not going to appear for his deposition." (Docs. 63-1, p. 4; 63-2, ¶10.) Plaintiff's counsel advised the woman that "the failure to appear could subject Mr. Fernandez to contempt," and after attempting to locate alternative contact information and waiting an additional half an hour for Mr. Fernandez to appear, Plaintiff's counsel left the deposition. (Docs. 63-1, p. 4; 63-2, ¶¶10-11.)

### III.  DISCUSSION

**A.  The Subpoena and Service of the Subpoena Upon Mr. Fernandez on July 25, 2015**

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(A)(iii). Every deposition subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the deposition, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(B)(i)-(iv). A subpoena commanding a deposition must also set forth the method for recording the testimony. Fed. R. Civ. P. 45(a)(1)(B). Serving a subpoena requires "delivering a copy to the named person," which is interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1). *See Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (a majority of courts interpreting "delivering" to require personal service).

It is undisputed that Mr. Fernandez was served with a subpoena commanding his appearance at a deposition and that he failed to comply with the subpoena. The subpoena served on Mr. Fernandez complied with the substantive requirements of Rule 45. (Doc. 63-3, Exh. G.) The subpoena indicated it was issued by the United States District Court for the Eastern District of

California, stated the title of this action along with the civil-action number, and set out the text of Rule 45(d) and (e). (Doc. 63-3, Exh. G.) The subpoena commanded Fernando Fernandez to appear at Central Valley Reporters, 1320 East Shaw Avenue, Suite 168, Fresno, CA 93710, on August 10, 2015, at 4:00 p.m. (Doc. 63-3, Exh. G.) The subpoena was served personally on Mr. Fernandez on July 25, 2015, at 11:05 a.m., at 1014 East Bullard Avenue, Fresno, CA 93710, and witness fees and roundtrip mileage were paid in the amount of $43.39. (Doc. 63-3, Exh. G.)

**B.     Contempt Proceedings for Non-Compliance with a Valid Subpoena**

Plaintiff has filed an application for a court order to order to show cause re contempt pursuant to Fed. R. Civ. P. 45(g). Pursuant to Rule 45(e)(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *Morgutia-Johnson v. City of Fresno*, No. 1:14-cv-00127-LJO-SKO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015) (citing *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010)). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696-97; *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.

Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must include a "purge" condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d

692, 699 (9th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV-08-00519, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009).

To establish civil contempt, Plaintiff must show by clear and convincing evidence that Mr. Fernandez violated a specific order of the court. *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiff satisfies that burden, the burden shifts to Mr. Fernandez to show that he took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See Stone*, 968 F.2d at 856-57. If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, he should not be held in contempt. *Id.*

Plaintiff has established that Mr. Fernandez violated a specific and definite order of the court by failing to appear for his deposition on August 10, 2015, pursuant to a duly issued subpoena. Accordingly, Plaintiff's application for an order to show cause is GRANTED. *See Morgutia-Johnson*, 2015 WL 1021123, at *3 (citing *Rodriquez v. Cnty. of Stanislaus*, No. 1:08-cv-00856-OWW-GSA, 2010 WL 3733843, at *6 (Sept. 16, 2010) (proper procedure for nonparty subpoena compliance is to issue an order to show cause)).

//
//
//
//

### IV.     CONCLUSION AND ORDER TO SHOW CAUSE[1]

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for an order to show cause is GRANTED;

2. Mr. Fernandez is ORDERED to appear before the undersigned on **October 28, 2015, at 10:00 a.m. in Courtroom 7, 6th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721** to SHOW CAUSE why he should not be held in contempt for his failure to comply with the subpoena and appear for his deposition;

3. Failure to comply with this order to show cause may subject Mr. Fernandez to contempt sanctions, including monetary sanctions; and

4. Plaintiff is directed to effect service of this order on Fernando Fernandez by no later than **October 2, 2015**, and to file **proof of service of this order** by no later than **October 9, 2015**.

IT IS SO ORDERED.

Dated:   **September 29, 2015**              /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion to extend the fact discovery cutoff to permit the taking of Mr. Fernandez's deposition will be held in abeyance pending resolution of the OSC.