1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9

RONALD MOORE,

          Plaintiff,

10

   v.

11

CHASE, INC., d/b/a Slater Shell,

12

          Defendant.

13

_____/

Case No.  1:14-cv-01178-SKO

**ORDER GRANTING IN PART
DEFENDANT'S MOTION TO MODIFY
THE PRETRIAL SCHEDULING
DEADLINES**

(Doc. No. 76)

14

## INTRODUCTION

15

     On November 12, 2015, Defendant Chase, Inc., d/b/a Slater Shell ("Defendant") filed a

16

motion requesting the Court amend the Scheduling Order to "extend[ ] the deadline to file and

17

hear non-dispositive motions pertaining to expert depositions and disclosure in this matter under

18

Rule 26(b)(4) and (5) of the Federal Rules of Civil Procedures."  (Doc. 76.)  Plaintiff filed his

19

opposition on November 16, 2015.  (Doc. 78.)  After review of the parties' briefs and arguments,

20

the Court determined that reply papers would be unnecessary.

21

     The Court reviewed the motion and supporting declarations and determined that the matter

22

was suitable for decision without oral argument pursuant to Local Rule 230(g).  As such, the

23

hearing on the motion was vacated.

24

## BACKGROUND[1]

25

     Per the Court's February 12, 2015, Scheduling Order, the following deadlines were set:

26

non-expert discovery: August 14, 2015[2]; expert disclosures: September 14, 2015; supplemental

27

----

28

[1]    The factual background is taken from the parties' briefs, and addresses only those facts material to the instant motion.  (*See* Docs. 76; 78.)

expert disclosures: October 6, 2015; expert discovery: November 10, 2015; non-dispositive motion filing deadline: November 15, 2015; non-dispositive motion hearing deadline: December 16, 2015; dispositive motion filing deadline: January 15, 2016; and dispositive motion hearing deadline: February 17, 2016.  (Doc. 22.)

Plaintiff disclosed Michael Bluhm, a Certified Access Specialist, as his expert on the issue of accessibility at Defendant's facility.  In January 2015, Mr. Bluhm inspected Defendant's facility and took notes.  Mr. Bluhm's father, an architect who works with Mr. Bluhm, accompanied him to Defendant's facility, and also took a page of notes during the inspection.  Defendant noticed Mr. Bluhm's deposition, and requested he produce all documents or other materials upon which he relied in making his report.

On September 29, 2015, Defendant served the deposition notices for Plaintiff's two experts, Dr. Mark Levin and Mr. Bluhm.  Defendant subpoenaed from both experts "all draft reports, communications between Plaintiff's counsel and the experts, and more."  On October 19, 2015, Plaintiff served his objections to the document requests on the ground that the information sought was protected by Fed. R. Civ. P. 26(b)(4).  On October 23, 2015, defense counsel sent a letter responding to the objections, and Plaintiff's counsel amended Plaintiff's objections on October 27, 2015, "to make clear that responsive, non-privileged documents did not exist[ ] . . . [and] that the experts would not be producing draft reports or their communications with Plaintiff's counsel."  On October 29, 2015, defense counsel again sent a letter responding to the objections.  No other meaningful meet and confer occurred prior to the expert depositions.

On November 10, 2015, when Mr. Bluhm appeared for his deposition, he failed to bring the page of notes his father had made during the inspection, despite testifying that he had used the page of notes to compare them with the photos he had taken at the site during the inspections.  Plaintiff's counsel was apparently unaware of the page of notes prior to the deposition, and agreed to produce the page of notes, to allow an immediate second deposition of Mr. Bluhm regarding the page of notes, to pay for defense counsel's reasonable time incurred as a result of the second

---

[2]   Non-expert discovery was extended by Court order on August 3, 2015, for the limited purpose of taking the deposition of Bob Shiralian, the person most knowledgeable for Defendant.  (Doc. 55.)

1   deposition, and to pay for the use of a court reporter and for Defendant's copy of the transcript.

2          On November 11, 2015, Plaintiff produced a copy of the page of notes to Defendant.

3   Defense counsel has represented that he is unable schedule the second date of Mr. Bluhm's

4   deposition until he receives a copy of the November 10, 2015, deposition transcript, so he "can

5   narrow the focus and compare that to which Mr. Bluhm testified and the notes that are now

6   provided."   Plaintiff "has no per se objection to Defendant [waiting for and then] using the

7   deposition transcript," but does object to "the delay and domino effect the continuance will

8   [necessarily] have on the Scheduling Order."

9          On November 12, 2015, Defendant took the deposition of Dr. Mark Levin, who testified

10  that "he has had various correspondences" with Plaintiff's counsel.   Defendant has apparently

11  demanded copies of correspondence between Plaintiff's counsel and Dr. Levin and Mr. Bluhm.

12  Plaintiff objects that no good cause exists to produce either copies of his experts' draft reports or

13  correspondence between Plaintiff's counsel and his experts.

14         On November 12, 2015, Defendant filed the instant request for a schedule modification,

15  requesting the non-dispositive motion hearing deadline be continued by thirty days to January 20,

16  2016, to allow the completion of these depositions and for the dispute over the document

17  production requests to be resolved.   On November 16, 2015, Plaintiff opposed Defendant's

18  motion, stating that Defendant has in its possession all those documents to which it is entitled and

19  which it needs to complete Mr. Bluhm's deposition.

20                                          **DISCUSSION**

21  **A.     The Expert Discovery and Non-Dispositive Motion Filing Deadline Will Be Continued
22          for the Limited Purpose of Deposing Mr. Bluhm's Regarding the Single Page of Notes**

23         Pursuant to Rule 16, the Court is required to issue a scheduling order as soon as

24  practicable, and the order "must limit the time to join other parties, amend the pleadings, complete

25  discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).   Once a scheduling order has been filed

26  pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's

27  consent." Fed. R. Civ. P. 16(b)(4).   "Rule 16(b)'s 'good cause' standard primarily considers the

28  diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

604, 609 (9th Cir. 1992).  If the moving party fails to demonstrate diligence, "the inquiry should end."  *Id.*  Good cause may be found, for example, where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order was issued, and that it was diligent in seeking modification once it became apparent it could not comply with the scheduling order.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Here, Defendant could not have reasonably foreseen that Mr. Bluhm would fail to bring a page of notes he relied upon in making his expert report at his deposition.  Plaintiff does not oppose continuing Mr. Bluhm's deposition for further questions regarding the contents of that page of notes and how, if any, the page of notes factored into the preparation of his expert report.  Defense counsel also reasonably requests additional time to review the deposition transcript to ensure that he is not retreading the same topics and questions already covered during the November 10, 2015, deposition, and is instead truly limiting his questioning to topics arising from and connected to the one page of notes.  Therefore, good cause exists to modify the schedule with regard to completing Mr. Bluhm's deposition.  *See Jackson*, 186 F.R.D. at 608.

The Scheduling Order is therefore amended as follows:

- o   Expert discovery deadline:  December 23, 2015 (extended solely to complete the deposition of Mr. Bluhm)

- o   Non-dispositive motion filing deadline:  January 6, 2016 (extended solely for motions arising from Mr. Bluhm's deposition and report)

- o   Non-dispositive motion hearing deadline:  January 27, 2016 (extended solely for motions arising from Mr. Bluhm's deposition and report)

Regarding any other deadline, both parties have had adequate time to prepare and brief any other non-dispositive matter prior to their agreed-upon deadline, and neither party has requested that the non-dispositive deadline be comprehensively extended.  Therefore, no other deadlines will be altered absent good cause shown.

//

4

**B.      Defendant is Not Entitled to Copies of Privileged Communications between Plaintiff's Counsel and Plaintiff's Experts or to Copies of Plaintiff's Experts' Draft Reports**

Though Defendant's request for copies of Plaintiff's Experts draft reports and communications between Plaintiff's counsel and Experts is not yet before the Court, as the parties are apparently still meeting and conferring on this issue, both parties address their ongoing dispute in their briefs.   To the extent the Court's tentative ruling on the matter will aid the parties in meeting and conferring regarding Defendant's demand for production of Plaintiff's Experts' draft reports and communications with Plaintiff's counsel, the Court notes the following:

Both parties agree that Plaintiff retained Dr. Levin and Mr. Bluhm (hereinafter "Plaintiff's Experts") as testifying experts as defined under Fed. R. Civ. P. 26(a)(2)(B).   Plaintiff's Experts created expert reports, which were duly served upon Defendant, and upon which Defendant deposed both experts.   Rule 26 expressly protects any communications between a party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), "regardless of the form of the communication.   Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii) (identifying certain exceptions to this protection not applicable here); *see also In re Application of Rep. of Ecuador*, 280 F.R.D. 506, 511 (N.D. Cal. 2012) *aff'd sub nom Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014).   Rule 26 also provides work-product protection for "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded."   Fed. R. Civ. P. 26(b)(4)(B)-(C); *see also* Fed. R. Civ. P. 26(b)(4) (2010 Advisory Committee Notes) (the rule also applies to drafts of supplemental reports).

It is undisputed that Plaintiff's Experts prepared their reports for trial and in anticipation of litigation.   Therefore, the reports fall within the ambit of Rule 26(b)(4)(C).   As such, Plaintiff's Experts' draft reports are protected from production pursuant to Rule 26(b)(4)(B), and communications between Plaintiff's counsel and Plaintiff's Experts, and/or their assistants, concerning Plaintiff's Experts' expert opinions are exempt from production pursuant to Rule 26(b)(4)(C).

//

//

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    The expert discovery deadline is extended to December 23, 2015, for the limited purpose of completing the deposition of Plaintiff's expert Mike Bluhm;

2.    The non-dispositive motion filing deadline is extended to January 6, 2016, and the non-dispositive motion hearing deadline is extended to January 27, 2016, for the limited purpose of disputing any non-dispositive matter arising from or related to the deposition of Mike Bluhm;

3.    All other deadlines remain as set in the Court's February 12, 2015, Scheduling Order (Doc. 22).

IT IS SO ORDERED.

Dated:   **November 29, 2015**                              **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

6