# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>              Plaintiff,<br><br>     v.<br><br>CHASE, INC., d/b/a SLATER SHELL; and DOES 1-10,<br><br>              Defendants.<br>_____/ | Case No. 1:14-cv-01178-SKO<br><br>**ORDER DENYING THE PARTIES' STIPULATED PROTECTIVE ORDER**<br><br>**ORDER THAT THE CLERK OF COURT SHALL SEAL DOCUMENTS FILED ON THE DOCKET**<br><br>**ORDER THAT DEFENDANT SHALL REFILE REDACTED VERSIONS OF SEALED DOCUMENTS** |

On December 2, 2015, Plaintiff Ronald Moore ("Plaintiff") filed his motion for sanctions against defense counsel. (Doc. 82.) On January 5, 2016, Defendant Chase, Inc. ("Defendant") filed its opposition to Plaintiff's motion as well as several declarations and accompanying exhibits. (Docs. 86; 87; 88.) On January 12, 2015, defense counsel filed a declaration informing the Court that he erroneously filed unredacted versions of Exhibits 6 and 7 to Defendant's opposition to the motion for sanctions at Dockets 86-6 and 86-7. (Doc. 90.)

Upon learning that the unredacted versions had been filed to the publicly accessible docket, the parties stipulated to a "protective order to seal" the exhibits. (Doc. 89.) However, as there is no mechanism for the parties to "stipulate" to seal exhibits already filed to the publicly accessible docket, the parties' stipulated "protective order to seal" the exhibits must be DENIED.

The Court recognizes, however, that Plaintiff has an articulable privacy interest in his personal, private, identifying information, including his birthdate. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by sensitive, personal identifying information). Because Plaintiff's privacy interest in protecting this information is the type of "good cause" that outweighs the general history of access and the public policies favoring disclosure, *Kamakana v. Cty. and Cnty. of Honolulu*, 447 F.3d 1172m 1179-80 (9th Cir. 2006), the Court will on its own motion order that these documents be SEALED. Local Rule 141; Fed. R. Civ. P. 5.2, 26.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated protective order to seal the docket is DENIED;
2. The Clerk of Court is ORDERED to SEAL Exhibit 6, Docket 86-6, and Exhibit 7, Docket 86-7, of Defendant's opposition to the motion for sanctions; and
3. Defendant is ORDERED to RE-FILE and RE-SERVE redacted versions of Exhibit 6, Docket 86-6, and Exhibit 7, Docket 86-7, of Defendant's opposition to the motion for sanctions within 2 days of the filing of this order.

IT IS SO ORDERED.

Dated:   **January 14, 2016**            **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE