# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | Case No. 1:14-cv-01178-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL H. TY KHARAZI** |
| v. | |
| CHASE, INC., d/b/a SLATER SHELL, | (Doc. 82) |
| Defendant. | |

## I. BACKGROUND

On December 2, 2015, Plaintiff filed his motion for sanctions against defense counsel "under the Court's inherent authority for Defendant's counsel's litigation abuses as well as violations of the California Rules of Professional Conduct[,]" alleging that defense counsel's out-of-court conduct is abusive, unprofessional, and sanctionable. (Doc. 82.)

Plaintiff alleges defense counsel is "using threats and intimidation to extract settlement, is making settlement offers without authority from his clients, is threatening administrative actions against Plaintiff's counsel and her son in order to gain tactical advantage in this action, is tampering with a witness by offering free representation, is demanding that Plaintiff's counsel agree to restrict her future practice of law, and is conducting this litigation with a wanton disregard for civility and professionalism." (Doc. 82, p. 2.) Plaintiff asks the Court to (1) refer defense counsel to the State bar for further investigation; (2) admonish defense counsel that should his allege conduct continue, he will be subject to disqualification from representing Defendant, and (3) award monetary sanctions in the amount of Plaintiff's attorney's fees incurred in bringing and defending the motion for sanctions. (Doc. 82-1, p. 18.)

On January 5, 2016, Defendant filed its opposition, denying Plaintiff's allegations and asserting that Plaintiff's counsel is engaging in improper conduct herself. (Doc. 86, pp. 13-18; 18-19.)

Having reviewed the parties' papers and all supporting material, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing was vacated.

## II.    THE COURT'S SANCTION AUTHORITY

The power of federal judges to impose sanctions for abuses of process is quite broad. *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322 (9th Cir.), *cert. denied sub nom. Shell Oil Co. v. Gas-a-Tron of Ariz.*, 429 U.S. 861 (1976). The power to sanction derives from several sources: federal statutes (including Federal Rules of Civil Procedure 11(c) (for baseless pleadings made without a reasonable and competent inquiry) and 37(b) (for failure to comply with a court order)), Local Rules of Court, and the District Court's inherent power. Rule 110 of the Local Rules of the Eastern District ("Local Rules") provides as follows:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

Local Rule 110.

The decision to award sanctions is a matter within the court's sound discretion. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), *cert. denied*, 498 U.S. 1096 (1991); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. Cty. of L.A.*, 879 F.2d 481, 490 (9th Cir.) (Internal quotations omitted), *cert. denied*, 493 U.S. 1035 (1990). A motion for sanctions may be heard at any time, even after dismissal. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991).

Local Court Rule 184(a) provides:

> Discipline. In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or

>   may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

Local Rule 184(a). Neither the Local Rules nor the Federal Rules provide clear definition of "other appropriate disciplinary action" for attorney conduct that does not warrant criminal contempt. Nonetheless, district judges have an "arsenal of sanctions" they can impose for unethical behavior, including monetary sanctions, contempt, dismissal and disqualification of counsel. *Erickson*, 87 F.3d at 303.

### III.   RELEVANT STANDARDS OF PROFESSIONAL CONDUCT

Any court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct. *Standing Comm. on Discipline of U.S. Dist. Court for S. Dist. of Cal. v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984) (citing *Koden v. United States Dep't of Justice*, 564 F.2d 228, 233 (7th Cir. 1977)); *see also, e.g., Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (district courts have clear statutory authority to promulgate rules governing the admission and conduct of attorneys who appear before them). In the federal system there is no uniform procedure for disciplinary proceedings. The individual judicial districts are free to define the rules to be followed and the grounds for punishment. *See* 28 U.S.C. § 1654. In the Eastern District of California, Local Rule 180(e) states that attorneys must abide by the California Rules of Professional Conduct ("California Rules") and applicable court decisions, and may look to the American Bar Association Model Rules ("ABA Model Rules") for guidance where the California Rules are silent. "No attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice." Local Rule 180(e).

**A.   Relevant California Rules**

>   Rule 5-100 Threatening Criminal, Administrative, or Disciplinary Charges:
>   (A)   A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute.
>   (B)   As used in paragraph (A) of this rule, the term "administrative charges" means the filing or lodging of a complaint with a federal, state, or local governmental entity which may order or recommend the loss or suspension of a license, or may impose

3

or recommend the imposition of a fine, pecuniary sanction, or other sanction of a quasi-criminal nature but does not include filing charges with an administrative entity required by law as a condition precedent to maintaining a civil action.

Rule 5-310 Prohibited Contact With Witnesses:

A member shall not: . . .

(B) Directly or indirectly pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the case. Except where prohibited by law, a member may advance, guarantee, or acquiesce in the payment of:

    (1) Expenses reasonably incurred by a witness in attending or testifying.

    (2) Reasonable compensation to a witness for loss of time in attending or testifying.

    (3) A reasonable fee for the professional services of an expert witness.

**B.   Relevant ABA Model Rules**

Rule 3.3 Candor Toward The Tribunal:

(a) A lawyer shall not knowingly:

    (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

    (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

    (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

Rule 3.4 Fairness To Opposing Party And Counsel:

A lawyer shall not: . . .

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

Rule 8.3 Reporting Professional Misconduct:

(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.//

//

//

4

<u>Rule 4.3 Dealing With Unrepresented Person</u>:

In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested.  When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.  The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

<u>Rule 7.3 Solicitation of Clients</u>:

(b) A lawyer shall not solicit professional employment by written, recorded or electronic communication or by in‑person, telephone or real-time electronic contact even when not otherwise prohibited by paragraph (a), if:

    (1) the target of the solicitation has made known to the lawyer a desire not to be solicited by the lawyer; or

    (2) the solicitation involves coercion, duress or harassment.

## IV.  DISCUSSION

Plaintiff asks the Court to exercise its inherent authority to sanction by referring defense counsel to the State Bar for further investigation, or, in the alternative, admonishing defense counsel that should his allege conduct continue, he will be subject to disqualification from representing Defendant, and to award monetary sanctions in the amount of Plaintiff's attorney's fees incurred in bringing and defending the motion for sanctions.  (Doc. 82-1, p. 18.)

Sanctions are warranted in cases where "[t]he totality of the sanctioned conduct visits an unendurable burden on the justice system in the name of misguided advocacy." *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 988 (E.D. Cal. 2005) (imposing sanctions on conduct "implicat[ing] unacceptable written advocacy and obstruction which violate[ ] rules of court and professional conduct, forcing an opposing party and the court to spend inordinate time addressing such issues" in pleadings, briefings, and written orders).  Federal district courts possess the inherent power to sanction bad-faith conduct in litigation when that conduct falls outside the scope of Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.  *Chambers*, 501 U.S. 32; *see also In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996) (extending same power to Article I courts, whose power are derived wholly from statute).  However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at

44 (citations omitted).  Courts may not invoke these powers without a "specific finding of bad faith." *U.S. v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (citation omitted).

A finding of bad faith is unwarranted, however, where counsel, "apparently unwilling to follow the Federal Rules of Evidence and Civil Procedure, has not attempted to deceive the Court and has not been duplicitous or dishonest." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1099 (E.D. Cal. 2011) (counsel could not be denied attorneys' fees if his conduct, even while erroneous, did not arise to the level of "bad faith").  Even where counsel repeatedly errs – even after admonition to abide by the Rules – such conduct as a "vigorous advocate" still "does not raise to the level of intentional bad faith misconduct."  *Id.*  Plaintiff has not presented evidence that defense counsel misrepresented or otherwise attempted to deceive the Court or refused to comply with a Court order.  Absent such evidence demonstrating intentional misrepresentation, omission, or another attempt to deceive the Court, or counsel's refusal to comply with a court order, referral to the State bar is generally unwarranted.  *See, e.g.*, *Von Haar v. City of Mountain View*, No. 10-CV-02995-LHK, 2012 WL 5828511, at *12 (N.D. Cal. Nov. 15, 2012), *dismissed*, 584 F. App'x 297 (9th Cir. 2014) (listing recurrent range of misconduct, misrepresentations, and refusals to comply with court orders that warranted referral to the State bar).

Counsel in the Eastern District are expected to comply with the Local Rules and the California Rules and to look to the ABA Model Rules for additional guidance regarding appropriate and professional behavior.  This encompasses the duty of counsel to their clients; the duty to be candid with the Court; and the duty to conduct themselves in a professional, respectful, and courteous manner in their interactions with judicial officers, court staff, and opposing counsel. *See* Local Rules 110; 180(e); 184(a).  Conduct that "visits an unendurable burden on the justice system in the name of misguided advocacy" will not be tolerated.  *Moser*, 366 F. Supp. 2d at 988.

The Court will not, however, police *out-of-court conduct* nor will the Court arbiter every dispute or clash of personalities.  The Court notes the remedy Plaintiff's counsel seeks – that this Court refer defense counsel to the State Bar "for further investigation" – is one immediately available to counsel without any order from this Court.  This remedy also requires the Court to accept Plaintiff's version of the fact as true – which the Court cannot and will not do without

holding an evidentiary hearing. Unprofessional conduct may be properly referred to the California State Bar for investigation by counsel with knowledge of such conduct. The Court notes, however, that the California Rules of Professional Conduct do not impose any duty upon attorneys to report the misconduct of another. *See* Cal. Bar Assoc. Comm. On Legal Ethics Op. 1977-1.

## V.   CONCLUSION AND ORDER

The Court exercises its discretion in declining to refer defense counsel to the State bar for his out-of-court conduct. *Chambers*, 501 U.S. at 45-46 (federal courts has inherent power to manage their own proceedings and to control the conduct of those who appear before them, and may exercise their own discretion in fashioning a remedy). Such denial is made, however, without prejudice to the renewal of the motion at some later time if sanctionable misrepresentation or omissions to the Court, or some other reprehensible conduct, are discovered. Counsel are collectively admonished that they are expected to adhere to the highest standards of professional decorum, and reminded that the Court retains the inherent authority to order any party, *sua sponte*, to show cause why sanctions should not be imposed for misrepresentations, omissions, or other sanctionable conduct. Local Rules 110; 184(a).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions against Defendant's counsel H. Ty Kharazi is DENIED without prejudice and counsel are ADMONISHED to comply with this Court's Local Rules, the ABA Model Rules and the California Rules of Professional Conduct.

IT IS SO ORDERED.

Dated:   **February 9, 2016**                           **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE