# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | Case No. 1:14-cv-01178-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND LITIGATION EXPENSES** |
| v. | |
| CHASE, INC., d/b/a SLATER SHELL, | (Doc. 110) |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Ronald Moore ("Plaintiff) brought this action against Chase, Inc., d/b/a Slater Shell ("Defendant"), alleging that Defendant discriminated against him based upon his disability as prohibited by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") and by state law. (*See generally* Docs. 1 ("Complaint"); 30 ("Amended Complaint").) On March 7, 2016, the Court granted summary judgment in favor of Plaintiff on his ADA and state law claims and entered judgment in favor of Plaintiff. (Docs. 101; 102.) Presently before the Court is Plaintiff's motion for $105,284.84 in attorney's fees and costs pursuant to the ADA and state law. (Doc. 110-1 (requesting $97,974 in attorney's fees and $7,310.84 in litigation expenses).)

Having reviewed the parties' papers and all supporting material, the matter was found suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing was vacated. For the following reasons, Plaintiff's motion for attorney's fees and costs is GRANTED

IN PART.

## II. ANALYSIS

### A. Legal Standard

"The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); *see* 42 U.S.C. § 12205; 28 C.F.R. § 35.175. The court may also award attorney's fees to a prevailing party in a suit brought under the California "Unruh Act." See Cal. Civ. Code §§ 52(a), 55.55.

To determine the amount of a reasonable attorney's fee, the court must apply a two-step analysis. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). First, the court must determine what constitutes a reasonable fee using the lodestar method. *Id*. This lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar figure constitutes an appropriate fee award. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990).

Second, the court may then adjust the lodestar figure upward or downward based on a variety of factors. *Gonzalez*, 729 F.3d at 1202. In determining the size of an appropriate fee award, the court need not "achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). During either of these steps, the court may use estimates and take into account its overall sense of the litigation to determine a reasonable fee. Id.

### B. Lodestar Computation[1]

#### 1. Reasonable Hourly Rate

The reasonable hourly rate is determined according to "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 866, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The relevant legal community "is the forum in which the

---

[1] Defendant devoted much of its opposition brief to arguing that the fee agreement between Plaintiff and Plaintiff's counsel is unconscionable and violates public policy. (Doc. 114 (citing California Rule of Professional Conduct 4-200).) The Court declines to evaluate whether the contingency fee arrangement entered into between Plaintiff and his counsel comports with the California Rules of Professional Conduct; as such an evaluation is outside the scope of the instant motion.

district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (citation omitted). The relevant community in this case is the Sacramento Division of the Eastern District of California.

The burden is on the applicant to produce satisfactory evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11; *accord Gonzalez*, 729 F.3d at 1206. *See also Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009). "The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). While disability access cases are a subset of civil rights practice, the reasonable hourly rate merited in routine disability access cases typically falls below the hourly rate charged in more complicated civil rights cases. *See Johnson v. Wayside Prop., Inc.*, Civ. No. 2:13-1610 WBS AC, 2014 WL 6634324, at *6 (E.D. Cal. Nov. 21, 2014).

Plaintiff seeks hourly rates of $300 for Ms. Moore, $115 for Ms. Sacks and $115 for Ms. Law. (Docs. 110; 116.) Defendant contends that an hourly rate of $200 for Ms. Moore and $75 for Ms. Sacks and Ms. Law is appropriate. (Doc. 114, pp. 11-14.)

### a.   **Plaintiff's Counsel Ms. Moore**

The Court notes that Plaintiff's counsel acknowledges this case involved a fairly straight-forward application of law with which she is exceedingly familiar, and that it did not present novel or difficult issues requiring a high level of skill or specialization. (Docs. 110-1, p. 6; 110-2 (Declaration of Tanya Moore), p. 2.) The Court has also examined the experience of Ms. Moore in previous, unrelated disability access cases brought in this district where an hourly rate of $300 was found reasonable, *see, e.g., Moore v. Watkins*, No. 1:15-cv-00115-JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 9, 2015); *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034 at * 6 (E.D. Cal., April 24, 2014) ($300.00 per hour); *Moore v. Ruiz*, No. 1:11-cv-2159-LJO-GSA, 2012 WL 3778874, at * 6 (E.D. Cal., Aug. 31, 2012) ($300 per hour); *Ruiz v. Gutierrez v. Onanion et al.*, No. 1:11-cv-00579-SMS, 2012 WL 1868441 at * 2 (E.D. Cal. May

1  22, 2012 ($300 per hour), as well as cases where an hourly rate of $300 was found excessive, *see*

2  *Kalani v. Statewide Petroleum, Inc.*, No. 2:13-cv-02287-KJM-AC, 2014 WL 4230920, at *6 (E.D.

3  Cal. Aug. 24, 2014) (limiting award to $250 per hour).

4        Ms. Moore is the "principal" of the Moore Law Firm, has litigated over 1,000 disability

5  cases, and though she has practiced law for over 15 years she has spent only 7 years specializing

6  in disability access litigation. (Moore Decl., ¶¶ 2-3, 5 (noting that she has reduced her normal

7  hourly rate of $400 to $300 for the purposes of this action).) The undersigned is persuaded by the

8  court's rationale in *Kalani*, where the Court found that Ms. Moore's requested hourly rate of $300

9  was high. *Kalani*, 2014 WL 4230920, at *6.

10        In *Kalani*, the Court noted that $300 per hour was a reasonable hourly rate for partners

11  with <u>two decades</u> of civil rights experience, and that $250 would be a reasonable hourly rate for a

12  partner with Ms. Moore's level of experience, between seven and ten years' civil rights experience

13  practicing in the Sacramento area. *Id.* (citing *Johnson v. Allied Trailer Supply*, No. CIV. 2:13-

14  1544-WBS, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014) (finding $300 to be reasonable

15  hourly rate for partners with twenty years' civil rights experience); *Lehr v. City of Sacramento*,

16  No. 2:07-cv-01565-MCE-GGH, 2013 1326546, at *8 (E.D. Cal. Apr. 2, 2013) (awarding an

17  hourly rate of $400 to a litigator with "over 40 years of relevant litigation experience" and finding

18  $230 to $260 to be reasonable hourly rates for a lawyer with between seven and ten years' civil

19  rights experience)); *see also Jones v. County of Sacramento*, Civ. No. 2:09-1025-DAD, 2011 WL

20  3584332, at *8 (E.D. Cal. Aug. 12, 2011) (finding that an hourly rate of $350 for a civil rights

21  attorney with 35 years of litigation experience was "in line with those prevailing in the

22  Sacramento market"). The Court is persuaded that an hourly rate of $250, the rate fixed by the

23  *Kalani* court, is appropriate to compensate Ms. Moore for her time expended in this litigation

24  based on her level of civil rights experience and expertise in ADA litigation. *See Kalani*, 2014

25  WL 4230920, at *6.

26        Defendant further disputes that Ms. Moore cannot recover for her travel time between her

27  office in San Jose and Fresno, because she allegedly owns a home within the Fresno area.

28  (Doc. 114, pp. 12-13.) Defendant, however, has not provided any authority that Ms. Moore's

travel time must be discounted in whole or in part based on her alleged access to lodging within the Fresno metropolitan area. In this district an attorney's travel time is customarily compensated at an attorney's normal hourly rate, and so long as her travel time is "reasonable" Ms. Moore's travel time will be compensated. *See Jones v. McGill*, No. 1:08-cv-00396-LJO-DLB, 2009 WL 1862457 at *3 (E.D. Cal. June 29, 2009) (awarding 15 hours of attorney travel time for meetings with experts and witnesses as "reasonable"); *Davis v. Sundance Apartments*, No. CIV. S-07-1922-FCD-GGH, 2008 WL 3166479 at *5 (E.D. Cal. Aug.5, 2008) (awarding 6 hours of attorney travel time because it "was essential to the case, and thus, reasonable."); *Estate of Kligge v. Fidelity Mortg. of Cal.*, No. CIV F 05-1519-AWI-DLB, 2008 WL 171031 at *3 (E.D. Cal. Jan.18, 2008) (awarding 15.8 hours of attorney travel time); *Chapman v. Pier 1 Imports, Inc.*, No. CIV. S-04-1339-LKK-DAD, 2007 WL 2462084 at *4 (E.D. Cal. Aug.24, 2007) (awarding 18 hours of attorneys' fees attributable to travel time from counsel's office in Chico to Sacramento); *Cohen v. Williams*, No. CIV. S-06-605-FCD-DAD, 2007 WL 174329, at *4 (E.D. Cal. Jan.22, 2007) (awarding 1.5 hours of travel time from attorney's office to inspection site).

### b.     Plaintiff's Paralegals Ms. Sacks and Ms. Law

Courts have repeatedly determined prevailing hourly rates for paralegals in the Eastern District to be $75 per hour. *Allmendinger v. Oxford Law*, LLC, No. 2:14-cv-01990-KJM-EFB, 2016 WL 146230, at *5 (E.D. Cal. Jan. 13, 2016); *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. S-14-0666-KJM-CKD, 2014 WL 5698448, at *4 (E.D. Cal. Nov. 4, 2014); *Kalani*, 2014 WL 4230920, at *6; *Deocampo v. Potts*, 2:06-cv-1283-WBS, 2014 WL 788429, at *9 (E.D.Cal. Feb.25, 2014); *Passport Health, Inc. v. Travel Med, Inc.*, No. 2:09-CV-01753-GEB, 2011 WL 6211874, at *2 (E.D. Cal. Dec. 14, 2011); *Friedman v. Cal. State Emps. Ass'n*, 2:00-101-WBS-DAD, 2010 WL 2880148, at *4 (E.D. Cal. July 21, 2010) (noting that "the paralegal rate favored in this district is $75 per hour" (citations and internal quotation marks omitted)). The Court will therefore apply an hourly rate of $75 for the time expended by Plaintiff's paralegals.

Further, as a general rule, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Those tasks include, but are not limited to: creating indexes for a binder; filing

1  emails, memoranda, and other correspondence; updating the case calendar with new dates;
2  copying, scanning, and faxing documents; and filing or serving documents.  *Prison Legal News*,
3  561 F. Supp. 2d at 1102.  The legal market in this area would not bear such a cost.  *Missouri*, 491
4  U.S. at 287 n.9.  Further, Plaintiff has produced no evidence which supports that such an award is
5  the prevailing market rate.  *United Steel Workers of America v. Phelps Dodge Corp.*, 896 F.2d
6  403, 407 (9th Cir. 1990) (stating that affidavits of plaintiff's attorney regarding prevailing fees in
7  the community and rate determinations in other cases are satisfactory evidence of the prevailing
8  market rate); *Joe Hand Promotions, Inc. v. Albright*, Civ. No. 2:11-2260-WBS-CMK, 2013 WL
9  4094403, at *3 (E.D. Cal. Aug. 12, 2013) (requiring such a showing for tasks which "appear to be
10 secretarial or administrative in nature, including the preparation, filing and service of various
11 papers; public records research of defendant; and review of court documents") (citing *Trs. of
12 Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th
13 Cir. 2006)).

14      "In fact, given the large amount of attorney time claimed as well as the large amount of
15 time expended by paralegals, the fee request for the clerical work . . . serves to 'spiral the cost' of
16 disability rights litigation, which cannot have been Congress's intent in providing for attorney's
17 fees in the statute."  *White v. Sutherland*, No. CIV S-03-2080-CMK, 2005 WL 1366487, at *10
18 (E.D. Cal. May 6, 2005) (citing *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836, 846 (7th
19 Cir. 1984) (*cert. denied* 1985) (stating that reducing the spiraling costs of civil rights litigation
20 furthers the policy underlying the civil rights statutes)).  As Plaintiff has not shown that billing --
21 at a profit -- for secretarial time is the prevailing practice in the local community, the Court
22 declines to make such an award here.  *Id.*  Further, Plaintiff has not provided any guidance to
23 distinguish the tasks for which fees are requested here from the ordinary administrative tasks
24 typically subsumed within the overhead expenses of a law firm.  Therefore, the Court will conduct
25 a line-by-line review to exclude any hours reasonably attributed to an administrative assistant from
26 recompense at a paralegal rate.

27      In sum, the Court finds the following hourly rates to be reasonable: $250 for Ms. Moore
28 and $75 for paralegals Ms. Sacks and Ms. Law.

## 2. Number of Hours Expended & Adjustments to the Lodestar

"The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez*, 729 F.3d at 1202. The court may reduce the hours "where documentation is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1210.

Plaintiff has submitted billing statements itemizing the time spent by attorney Tanya Moore and paralegals Marejka Sacks and Whitney Law. (Docs. 110-2 (Declaration of Tanya Moore); 110-3 (Billing Statement for Tanya Moore); 110-4 (Declaration of Marejka Sacks); 110-5 (Billing Statement for Marejka Sacks); 110-6 (Declaration of Whitney Law); 110-7 (Billing Statement for Whitney Law); 116-1 (Supplemental Declaration of Tanya Moore); 116-3 (Supplemental Declaration of Marejka Sacks.) The billing statements indicate that Ms. Moore billed 254.40 hours, Ms. Sacks billed 181.90 hours, and Ms. Law billed 66.9 hours, totaling 257.20 hours of attorney time and 243.70 hours of paralegal time. (*See id.*; Docs. 110-1, p. 18; 116.) Defendant contends Plaintiff's fee request is both excessive and unreasonable, and appears to object on a page-by-page basis to the individual billing entries. (*See* Doc. 114, pp. 11-14.) The Court has reviewed Plaintiff's submitted billing statements to determine compensation.

### a. Plaintiff's Counsel Ms. Moore

In the motion for attorney's fees, Plaintiff seeks to recover attorney's fees for 257.20 hours spent on the case by Ms. Moore. (Docs. 110-1; 110-2, 110-3.) With respect to the time Ms. Moore spent on the case, the amounts claimed for certain tasks are reasonable, but some of the time spent is unreasonable, duplicative, or inadequately documented and should be reduced.

First, Ms. Moore has billed for certain tasks that the Court has deemed to be frivolous or improper. Ms. Moore spent 5.7 hours on the ex parte application to order Defendant to turn over subpoenaed medical records (*see* Docs. 47; 103 (finding Plaintiff's application "frivolous" within the meaning of Fed. R. Civ. P. 11), 10.7 hours on the motion for sanctions against Defense counsel (*see* Doc. 99 (denying Plaintiff's motion to "police [counsel's] *out-of-court* conduct" and admonishing counsel to conduct themselves with candor and professionalism)), and 1.6 hours in

preparation for a hearing vacated from the court's docket (*see* Doc. 36).  The Court will therefore reduce Ms. Moore's time by 18.0 hours.

Second, Ms. Moore has unreasonably billed for certain clerical and administrative tasks.  When considering the time entries in total, the amount of time spent reviewing the docket is unreasonable.  Such entries are either excessive or are clerical tasks that should not be billed at an attorney rate.  *See Missouri*, 491 U.S. at 288, n.10 (purely clerical tasks will not be compensated).

| Date: | Description: | Time Billed: | Time Disallowed: |
|---|---|---|---|
| 02/16/2016 | Reviewed minute order on the court's own motion pursuant to local rule | 0.10 | 0.10 |
| 02/01/2016 | Reviewed minute order on the Court's own motion and pursuant to local rule 230(g) | 0.10 | 0.10 |
| 12/09/2015 | Reviewed minute order after further review, the court resets the hearing on plaintiff's motion | 0.10 | 0.10 |
| 11/23/2015 | Reviewed order discharging September 29, 2015 | 0.10 | 0.10 |
| 11/12/2015 | Reviewed Minute Order | 0.10 | 0.10 |
| 11/05/2015 | Communications with Dr. Levin to confirm his availability | 0.10 | 0.10 |
| 11/04/2015 | Communications with the expert re cancellation of his deposition | 0.10 | 0.10 |
| 10/28/2015 | Reviewed Minute Orders | 0.10 | 0.10 |
| 10/08/2015 | Reviewed Certificate of service by Ronald Moore | 0.10 | 0.10 |
| 09/29/2015 | Reviewed Minute Order: The Court finds the Motion for an order to show cause and extend fact discovery | 0.10 | 0.10 |
| 08/31/2015 | Reviewed Clerk's Notice | 0.10 | 0.10 |
| 08/18/2015 | Reviewed the court order.  Conference with MS re same | 0.40 | 0.10 |
| 07/21/2015 | Reviewed Minute Order | 0.10 | 0.10 |
| 07/07/2015 | Communications with the court re scheduling of a discovery conference | 0.40 | 0.40 |
| 06/05/2015 | Reviewed Court's minute orders | 0.10 | 0.10 |

| | Date | Description | Billed | Allowed |
|---|---|---|---|---|
| 1 | 05/28/2015 | MINUTE ORDER The Court is in receipt of the parties' informal letter briefs | 0.10 | 0.10 |
| 2 | | | | |
| 3 | 04/13/2015 | Notice of Withdrawal of an Affirmative Defense | 0.20 | 0.20 |
| 4 | 03/23/2015 | Reviewed notice of non-opposition | 0.10 | 0.10 |
| 5 | 03/17/2015 | Minute order - the court finds the Motion to File an Amended Answer suitable for decision without oral argument | 0.10 | 0.10 |
| 6 | | | | |
| 7 | 03/13/2015 | Motion to Amend the Complaint filed with the court reviewed for accuracy | 0.10 | 0.10 |
| 8 | | | | |
| 9 | 01/29/2015 | Minutes - Telephonic Scheduling Conference held | 0.10 | 0.10 |
| 10 | 01/23/2015 | Minute order | 0.10 | 0.10 |
| 11 | 11/26/2014 | Reviewed multiple communications from [Kharazi]'s office re continuance of the site inspection and memo from WL re same. Reviewed calendar. Instructions to WL and IM re further communications with the opposing counsel re same | 0.50 | 0.10 |
| 12 | | | | |
| 13 | | | | |
| 14 | 11/05/2014 | [ . . . ] Reviewed the calendar re dates for the site inspection [ . . . ] | 0.40 | 0.10 |
| 15 | | | | |
| 16 | 09/26/2014 | Reviewed decline to proceed before US Magistrate Judge filed by Chase, Inc. | 0.10 | 0.10 |
| 17 | | | | |
| 18 | 08/30/2014 | Reviewed Minute Order - CMC Continued [ . . . ] | 0.10 | 0.10 |
| 19 | 08/28/2014 | Reviewed POS of Summons - Chase, Inc. received from the process server, instructions re filing, reviewed filed POS and due dates calendared by DG | 0.10 | 0.10 |
| 20 | | | | |
| 21 | 07/29/2014 | Reviewed tasks/deadlines entered. Instructions to DG re service | 0.10 | 0.10 |
| 22 | | | | |
| 23 | 07/29/2014 | Reviewed tasks/deadlines entered. Instructions to DG re service | 0.10 | 0.10 |
| 24 | 07/29/2014 | Reviewed scheduling order and instructions re processing and calendaring | 0.10 | 0.10 |
| 25 | | | | |

26 The court will therefore further reduce Ms. Moore's hours billed by 3.4 hours.

27 //

28 //

9

Third, Ms. Moore has billed for entries duplicative of tasks billed by paralegals:

| Date: | Description: | Time Billed: | Time Disallowed: |
|---|---|---|---|
| 03/14/2016 | Reviewed Bill of Costs (prepared by Ms. Sacks) | 0.10 | 0.10 |
| 03/10/2016 | Reviewed time and expense entries, began preparation of motion for attorney fees and communications with MS re same | 8.00 | 0.10 |
| 03/07/2016 | Reviewed correspondence from [Kharazi] re appeal and communications with MS re preparation of the response | 0.50 | 0.20 |
| 03/07/2016 | Reviewed the court's order on MSJ.  Conference with MS re same | 0.50 | 0.10 |
| 03/07/2016 | Preparation for the pretrial conference, draft/revise pretrial statement and communications with MS re witnesses for trial | 1.00 | 0.50 |
| 03/02/2016 | Preparation of mandatory pretrial statement | 0.50 | 0.50 |
| 02/29/2016 | Communications with MS re preparation for mandatory pretrial meet and confer.  Reviewed court order.  Correspondence with Mr. Kharazi re same.  Reviewed his response. | 0.40 | 0.10 |
| 02/03/2016 | [ . . . ] Reviewed deposition transcripts provided via dropbox link and communications with IM re same.  Instructions to MS re communications with Mr. Kharazi's office re statement of undisputed facts.  Reviewed email exchange between Mr. Kharazi and MS. | 2.40 | 1.30 |
| 12/08/2015 | Began preparation for the dispositive motion, reviewed deadlines and instructions to MS re communications with the court.  Reviewed response by Kharazi | 0.60 | 0.30 |
| 11/17/2015 | Reviewed memo from IM re communications with court reporter | 0.10 | 0.10 |
| 11/16/2015 | Instructions to IM re communications with the court reporter re transcript | 0.10 | 0.10 |
| 11/13/2015 | Instructions to MS re preparation of the communication re meet and confer with Mr. Kharazi of 11/13/2015.  Reviewed research re privilege log and revised/finalized the email to Mr. Kharazi (1/2 Millennium) | 0.40 | 0.10 |

10

| | Date | Description | | |
|---|---|---|---|---|
| 1 | 11/13/2015 | Began preparation of the opposition Defendants Motion to Extend Non-Dispositive Motion Deadlines. Conferred with MS re same | 0.50 | 0.10 |
| 2 | 11/12/2015 | Communications with MS re minute order | 0.10 | 0.10 |
| 3 | 11/03/2015 | Preparation of the Draft of the joint informal discovery dispute letter to Judge Boone . . . conference with MS re same. Email to Mr. Kharazi with the draft attached for his input | 0.40 | 0.10 |
| 4 | 10/23/2015 | Instructions to MS re research and preparation of a response to document requests contained within expert witness notices of deposition. [ . . . ] | 1.20 | 0.10 |
| 5 | 10/15/2015 | Reviewed draft of the Response to notice of expert witness depositions, instructions to MS re revisions and finalized for service | 1.30 | 0.30 |
| 6 | 10/12/2015 | Instructions to MS re preparation of the response and objections to notice of deposition of Dr. Levin | 1.40 | 0.40 |
| 7 | 10/11/2015 | [ . . . ] Instructions to IM re arranging for an in person court appearance | 0.20 | 0.10 |
| 8 | 10/06/2015 | Reviewed depo notice received from the opposing counsel and Instructions to MS re communications with the consultant re same. Reviewed email from MS | 0.40 | 0.10 |
| 9 | 09/22/2015 | Reviewed information available about defense expert witness, instructions to paralegal re preparation of notice of deposition - reviewed/revised and finalized. Additional analysis re timing and method of service - communications with MS re same | 0.90 | 0.10 |
| 10 | 09/17/2015 | Reviewed memo and conference with MS re her communications with Dr. Bluhm (expert) regarding review/analysis of the defense expert's disclosures | 0.50 | 0.10 |
| 11 | 08/18/2015 | Reviewed the court order. Conference with MS re same | 0.40 | 0.30 |
| 12 | 08/14/2015 | Reviewed declaration by Kharazi and communications with MS re same | 0.50 | 0.10 |
| 13 | 08/14/2015 | Reviewed declaration filed by Kharazi and communications with MS re same [duplicate entry] | 0.50 | 0.50 |

| Date | Description | | |
|---|---|---|---|
| 08/14/2015 | Preparation of the motion for OSC and extension of discovery deadline; [ . . ] Instructions to MS re same [ . . . ]  Instructions to IM re filing and communications with the court | 2.20 | 2.00 |
| 08/12/2015 | Preparation of the Plaintiff's Confidential Settlement Conference Statement.  Conference with MS re same | 1.40 | 1.20 |
| 08/07/2015 | Preparation of discovery responses and instructions to MS re communications with opposing counsel | 1.40 | 0.10 |
| 08/06/2015 | [ . . . ] Reviewed correspondence from [Kharazi]'s office and instructions to MS re response.  [ . . . ] | 1.40 | 0.10 |
| 08/06/2015 | Instructions to MS re correspondence with Kharazi and reviewed reply by Kharazi re deposition of Mr. Missaghian | 0.50 | 0.20 |
| 08/02/2015 | Reviewed information and documents received from the client and instructions to MS re production | 0.40 | 0.30 |
| 08/01/2015 | Reviewed memo received from WL re communications with [Kharazi].  Instructions re how to proceed | 0.40 | 0.40 |
| 07/31/2015 | Reviewed correspondence from Mr. Vasquez and further instructions to paralegal | 0.40 | 0.30 |
| 07/31/2015 | Conference with Mr. Vasquez [ . . . ] Notes to the file and communications with paralegal re same | 0.50 | 0.20 |
| 07/29/2015 | Preparation of opposition to ex parte application re Shiralian's deposition.  Communications with MS re same | 1.60 | 0.60 |
| 07/28/2015 | Reviewed ex parte motion by Chase.  Conference with MS.  Communications with Kharazi re clarification re PMK | 1.30 | 0.20 |
| 07/27/2015 | Instructions to MS re drafting a response to Kharazi [ . . . ] reviewed deadlines and conference with MS re same.  Reviewed/finalized corresponded to Kharazi | 0.80 | 0.20 |
| 07/24/2015 | Conference with MS re subpoena [ . . . ] | 0.70 | 0.10 |
| 07/23/2015 | Further instructions re obtaining Fernando's name | 0.30 | 0.30 |
| 07/22/2015 | Reviewed email from Kharazi [ . . . ] Conference with MS re same and instructions re preparation of a response [ . . . ] | 0.70 | 0.30 |

| | | | | |
|---|---|---|---|---|
| 07/21/2015 | Instructions to MS re preparation of a response to Kharazi re subpoena [ . . . ] | 0.40 | 0.10 |
| 07/20/2015 | Reviewed email from Kharazi and Escobedo. Conference with MS regarding same | 0.50 | 0.10 |
| 07/20/2015 | Conference with Kharazi and notes to the file. Instructions to MS after the conference | 0.50 | 0.20 |
| 07/17/2015 | Conferred with MS re Court's ruling and compliance with the order | 0.50 | 0.50 |
| 07/16/2015 | Instructions to WL re preparation of the Amended Notice of Taking Deposition of Soheila Darcy and Bob Shiralian.  Reviewed and finalized for service | 0.30 | 0.30 |
| 07/16/2015 | Reviewed amended initial disclosures.  Instructions to WL re additional discovery needed | 0.60 | 0.10 |
| 07/07/2015 | Reviewed [correspondence and other documents]. Instructions to MS re preparation for the same | 1.30 | 0.10 |
| 06/10/2015 | Instructions to MS re preparation of communication to Kharazi re discovery dispute | 0.40 | 0.40 |
| 06/08/2015 | Instructions to paralegal re communications with opposing counsel re meet and confer | 0.20 | 0.10 |
| 06/06/2015 | Memo to the file re unsuccessful meet and confer with Kharazi during the depositions.  Instructions to IM re rescheduling the meet and confer | 0.40 | 0.40 |
| 06/01/2015 | Instructions to MS re preparation of yet another meet and confer letter to Kharazi re deficient supplemental discovery responses.  Reviewed and finalized | 0.30 | 0.20 |
| 06/01/2015 | Instructions to MS re preparation of supplemental initial disclosures, reviewed and approved for service | 0.30 | 0.20 |
| 05/28/2015 | Reviewed supplemental responses to rogs and docs received from Kharazi and instructions to paralegal re preparation of another meet and confer letter | 0.50 | 0.10 |

| Date | Description | | |
|---|---|---|---|
| 05/27/2015 | Reviewed subpoena re medical records.  Instructions to MS re drafting a meet and confer letter re same to Kharazi.  Reviewed/finalized | 0.60 | 0.50 |
| 05/27/2015 | Reviewed communications from Kharazi in response to memo received from MS re no letter brief received by the office.  Instructions to MS re communications with the court re same | 0.40 | 0.30 |
| 05/21/2015 | Confer with MS re communications with the court re procedures related to the information discovery motion and submission of a letter.  Preparation for the informal discovery motion in front of Judge Oberto.  Instructions to MS re same | 0.70 | 0.50 |
| 05/18/2015 | Reviewed correspondence from [Kharazi] re meet and confer.  Instructions re response | 0.30 | 0.10 |
| 05/18/2015 | Reviewed email from Kharazi of 5/15, instructions to paralegal re response | 0.50 | 0.10 |
| 05/08/2015 | Reviewed correspondence from Kharazi, instructions to WL re response | 0.50 | 0.10 |
| 05/04/2015 | Reviewed correspondence from Kharazi, instructions to MS re response to Kharazi, reviewed yet another correspondence from Kharazi, draft/revise letter in response to the same | 1.60 | 0.10 |
| 04/29/2015 | Instructions to IM re correspondence with [Kharazi] | 0.30 | 0.30 |
| 04/27/2015 | Reviewed defendant's opposition to motion to strike and instructions to MS re preparation of a brief reply | 0.50 | 0.40 |
| 04/27/2015 | Reviewed draft of the response prepared by MS [ . . . ] | 1.40 | 1.20 |
| 04/27/2015 | Instructions to MS re preparation of Plaintiff's Objections [ . . . ] Reviewed draft and finalized for service | 0.60 | 0.30 |
| 04/27/2015 | Instructions to MS re preparation of Plaintiff's response to Defendant's Second Set of Requests for Production of Documents | 0.60 | 0.40 |
| 04/23/2015 | Reviewed and revised draft prepared by MS.  Finalized the letter to Kharazi re discovery deficiencies | 0.50 | 0.20 |

| | Date | Description | | |
|---|---|---|---|---|
| 1 | 04/18/2015 | Reviewed written discovery obtained from the defendants. Instructions to paralegal re drafting a meet and confer letter re deficiencies | 1.20 | 0.20 |
| 2 | 04/16/2015 | Reviewed/analyzed Defendant's Second Set of Requests for Production of Documents. Instructions to paralegal re preparation of a response | 0.50 | 0.40 |
| 3 | 04/12/2015 | Instructions to MS re preparation of the motion for strike demand for jury trial and research needed | 1.30 | 1.10 |
| 4 | 04/08/2015 | Conference with the client re deposition and instructions to MS re further preparation | 0.50 | 0.10 |
| 5 | 04/07/2015 | [ . . . ] Instructions to MS re response to Kharazi's multiple emails | 0.50 | 0.10 |
| 6 | 04/07/2015 | Further instructions to MS re preparation of the motion for sanctions and communications with opposing counsel re same | 2.30 | 2.00 |
| 7 | 03/15/2015 | Further review drafts of our discovery requests and instructions to MS re finalizing same | 1.30 | 0.10 |
| 8 | 03/13/2015 | Instructions to WL re preparation of the discovery requests. Reviewed/revised drafts | 0.60 | 0.10 |
| 9 | 03/12/2015 | Instructions to WL re preparation of the motion to amend, reviewed/revised, instructions re filing. Reviewed correspondence to make sure no communications from Kharazi received | 2.10 | 2.00 |
| 10 | 03/06/2015 | Instructions to WL re preparation of motion to amend and communications with opposing counsel re same | 0.40 | 0.10 |
| 11 | 02/25/2015 | Reviewed all information received from the consultant; instructions to WL re drafting a first amended complaint based on the additional information and stipulation re same. Reviewed/revised both drafts and approved for further processing | 1.60 | 0.60 |
| 12 | 02/18/2015 | Reviewed/analyzed Defendants Rule 26 disclosure to determine which discovery is needed. Instructions re same | 0.40 | 0.10 |
| 13 | 02/12/2015 | Reviewed documents assembled by WL. Instructions to MS re communications with [Kharazi] re discovery and providing additional discovery | 0.60 | 0.50 |

| Date | Description | | |
|---|---|---|---|
| 02/11/2015 | Reviewed file re no initial disclosures received from Chase and instructions to IM re follow up correspondence with the opposing counsel | 0.30 | 0.10 |
| 01/28/2015 | Reviewed research by MS re fraud, communications with MS re preparation of opposition to Motion Leave to File Amended Answer | 1.10 | 0.60 |
| 01/26/2015 | Instructions to IM re preparation for court appearance | 0.10 | 0.10 |
| 01/22/2015 | Multiple communications with WL re trying to schedule a meet and confer with [Kharazi], [multiple communications with Kharazi re JSR] | 1.20 | 0.20 |
| 01/16/2015 | Reviewed multiple communications from Kharazi and instructions to paralegal re further revisions to the JSR | 0.50 | 0.10 |
| 01/13/2015 | Reviewed Defendant's First Set of Requests for Production of Documents, reviewed the file to determine responsive documents. Instructions to MS re preparation of Plaintiff's Response | 2.00 | 1.20 |
| 01/08/2015 | Instructions to WL re revisions of the JSR and communications with opposing counsel re same. Reviewed/revised and finalized | 0.40 | 0.30 |
| 12/14/2014 | Reviewed correspondence from the opposing counsel re no response to my request for meet and confer re inspection, analysis re motion to compel the site inspection and instructions to paralegal re further communications and preparation of a motion to compel the site inspection | 0.50 | 0.10 |
| 12/11/2014 | In-office conference with MS re preparation of the letter to Kharazi. Draft prepared by MS reviewed/revised and finalized. Instructions to paralegal re further preparation for the site inspection | 1.00 | 0.50 |
| 12/01/2014 | Instructions to paralegal re rescheduling the site inspection at [Kharazi]'s request | 0.10 | 0.10 |
| 11/26/2014 | Reviewed multiple communications from [Kharazi]'s office re continuance of the site inspection and memo from WL re same. Reviewed calendar. Instructions to WL and IM re further communications with the opposing counsel re same | 0.50 | 0.20 |
| 11/05/2014 | Instructions to IM re communications with the consultant | 0.10 | 0.10 |

| | | | |
|---|---|---|---|
| 09/24/2014 | Reviewed memo from IM re communications with [Kharazi] | 0.10 | 0.10 |
| 09/23/2014 | File review and instructions to IM re preparation for the Rule 26 meet and confer and communications with [Kharazi] re same | 0.30 | 0.10 |
| 07/25/2014 | Reviewed initial draft of the complaint prepared by WL; reviewed communications from the client, reviewed research by WL to ensure accuracy of the named defendants. Reviewed prefiling photos and communications. Instructions to WL re revisions and preparation of all pleadings for filing | 1.50 | 1.00 |

When considering the time entries in total, the amount of time spent duplicating the work of paralegals is unreasonable. *See Chalmers*, 796 F.2d at 1210 (duplicative, overstaffed, or otherwise unnecessary hours may be reduced from attorney's fees award). The Court will therefore reduce Ms. Moore's time by an additional 31.9 hours. Together, Plaintiff will be compensated for 203.90 hours of attorney time.

### b. Plaintiff's Paralegals Ms. Sacks and Ms. Law

Plaintiff seeks compensation for a total of 243.70 hours of paralegal time spent by Ms. Sacks and Ms. Law. (*See* Docs. 110-1, p. 18; 110-4; 110-5; 110-6; 110-7.) Regarding the number of hours expended by the paralegals, the amount Plaintiff claims for certain tasks is reasonable, but some billed time is unreasonable, duplicative, or inadequately documented and should be reduced.

Ms. Sacks spent 8.9 hours on the ex parte application to order Defendant to turn over subpoenaed medical records which the Court found "frivolous" within the meaning of Fed. R. Civ. P. 11 (*see* Docs. 47; 103), 19.6 hours on the motion for sanctions against Defense counsel which was denied (*see* Doc. 99 (denying Plaintiff's motion to "police [counsel's] *out-of-court* conduct" and admonishing counsel to conduct themselves with candor and professionalism)), 6.7 hours on clerical and administrative tasks, and .7 taking notes in a telephone call already billed at Plaintiff's counsel's rate; and Ms. Law spent 2.5 hours on clerical and administrative tasks. (Docs. 110-5; 110-7.) *See also Missouri*, 491 U.S. at 288 n.10 (purely clerical tasks will not be compensated); *Chalmers*, 796 F.2d at 1210 (duplicative, overstaffed, or otherwise unnecessary hours may be

reduced from attorney's fees award). The Court will therefore reduce Ms. Sacks' time by 35.9 hours, for a remaining total of 146 hours, and Ms. Law's hours by 2.5 hours, for a remaining total of 64.4 hours. Together, Plaintiff will be compensated for a total of 215.45 hours of paralegal time.

Accordingly the lodestar in this case is $66,755, calculated as follows:

```
Moore:   204.60 x $250  = $ 50,975
Sacks:      146 x $75   = $ 10,950
Law:       64.4 x $75   = $  4,830
                          $ 66,755
```

## C. Costs

Plaintiff also seeks costs in the amount of $7,248.34 for postage and shipping, legal research, expert witness fees, and pre-filing investigation expenses. (*See* Docs. 110-3, Exh. B (postage costs totaling $29.21), Exh. C (Lexis/Nexis charges totaling $279.11), Exh. D (FedEx costs totaling $412.73), Exh. E (Plaintiff's access expert Mike Bluhm's invoice for pre-filing investigation totaling $1,020.00), Exh. F (Plaintiff's access expert Mike Bluhm's invoice for deposition preparation totaling $108.29), Exh. G (Plaintiff's medical expert Mark Levin, M.D.'s invoices totaling $3,396.00 for time spent reviewing records in this matter); *see also* Moore Decl. (representing that Dr. Levin was paid an additional $662.50 for time spent preparing for his deposition and that Plaintiff's access expert David Horn was paid $528.00 for time spent at his deposition in this matter, even though counsel has no receipts for these payments).)

Defendant objects to Plaintiff's requests for expert fees, postage, courier, and legal research charges. (Doc. 114, p. 15.) Costs for certain expenses such as electronic legal research, postage, courier services, facsimile charges, and long distance phone charges, are litigation expenses which may be recovered as part of an award of attorney's fees if "it is the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates." *Trustees of the Constr. Indus.*, 460 F.3d at 1256, 1258-59. In the Ninth Circuit, expert witness fees are recoverable, *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002), and "litigation expenses" such as messenger services and postage are recoverable, *Robins v. Scholastic Book*

*Fairs*, 928 F. Supp. 1027, 1037 (D. Or. 1996); *see also Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1244 (9th Cir. 1982).

Generally, "computerized research costs can, in appropriate circumstances, be recovered in addition to the hourly rates of attorneys," but only "if separate billing for such expenses is 'the prevailing practice in the local community.'" *Trustees of Constr. Indus.*, 460 F.3d at 1258-59. Courts are split on whether some portion of electronic research expenses should be considered "overhead" costs that are not charged to fee-paying clients. *See Cairns v. Franklin Mint Co.*, 115 F.Supp.2d 1185, 1189 (C.D. Cal. 2000) (describing split and subtracting 25% from research costs for overhead), *aff'd* 292 F.3d 1139 (9th Cir. 2002). To be fully reimbursed for computerized research costs, plaintiffs must demonstrate that these costs would ordinarily be treated as reimbursable in a private attorney-client relationship, *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1046-47 (C.D. Cal. 2012), or be considered the "prevailing practice in the local community,'" *Trustees of Const. Indus.* 460 F.3d at 1259. *See also Koon Chun Hinq Kee Soy & Sauce Factory, Ltd. v. Eastimpex*, Case No. C 04-4146-MMC, 2007 WL 2317583, at *1 (N.D. Cal. Aug. 10, 2007) (ordering reimbursement for full cost of electronic research because plaintiff demonstrated "that each cost it seeks herein was billed to the client"). Here, Plaintiff has not provided any evidence that all electronic research costs are ordinarily billed to the client as the prevailing practice in the community without any deduction for overhead. (*See* Moore Decl.; Moore Supp. Decl.) Therefore, a 25% reduction in research fees is appropriate. Since Plaintiff seeks $279.11 in legal research expenses, $69.78 will be deducted from the legal research expenses. *Pierce*, 905 F. Supp. 2d at 1046-47. Plaintiff will therefore be compensated $209.33 in legal research expenses, for a total costs award of $7,178.56.

//
//
//
//
//
//

### III.   CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for attorney's fees and costs (Doc. 110) is GRANTED in part;
2. Defendant is directed to pay $66,755.00 in attorney and paralegal fees to Plaintiff; and;
3. Defendant is directed to pay $7,178.56 in costs to Plaintiff.

IT IS SO ORDERED.

Dated:   **July 7, 2016**                                   /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE